UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ERMI PEREZ-CHININ,

Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, et al.,

Respondents.

Case No.: 26-cv-4594-RSH-MMP

**ORDER GRANTING PETITION FOR HABEAS CORPUS**

On August 11, 2026, petitioner Ermi Perez-Chininin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, the Court grants the petition.

## I. BACKGROUND

Petitioner is a citizen of Peru who entered the United States on or about September 30, 2024. ECF No. 1 at ¶ 18. Petitioner was issued a Notice to Appear and placed in removal proceedings after an asylum officer found that he had demonstrated a credible fear of persecution or torture. ECF Nos. 1 at ¶ 18; 4-1 at 2. On November 1, 2024, Petitioner was granted parole for a one-year period. ECF No. 4-4 at 2. The record reflects that both Petitioner's asylum application and his removal proceedings remain pending. ECF Nos. 1

at ¶ 93; 4-6 at 2.

Petitioner was subsequently taken into custody on July 27, 2026 by U.S. Immigration and Customs Enforcement ("ICE") during an enforcement operation in Newark, New Jersey. ECF No. 4-5 at 3. An administrative arrest warrant was issued and served on Petitioner the following day. ECF No. 4-6 at 2. On August 2, 2026, Petitioner was transferred to the Imperial Regional Adult Detention Facility, where he remains detained. ECF No. 4 at 2.

On August 11, 2026, Petitioner filed the instant Petition. ECF No. 1. Petitioner challenges the legality of his detention, contending: (1) his detention is governed by 8 U.S.C. § 1226(a), rather than § 1225(b)(2)(A); (2) his re-detention without an individualized finding of flight risk or dangerousness violates the Fifth Amendment's Due Process Clause; and (3) his re-detention without written notice or a reasoned explanation violates the Administrative Procedure Act ("APA"). *Id.* ¶¶ 75–104. Petitioner requests his immediate release. *Id.* at 33.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

### A. Jurisdiction

Respondents first challenge this Court's jurisdiction to hear the Petition, relying on 8 U.S.C. § 1252(g). ECF No. 4 at 2–4. That provision states that, except as otherwise provided in Section 1252, and notwithstanding any other provision of law including 8 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this

chapter." 8 U.S.C. § 1252(g). Respondents argue that because Petitioner challenges his detention during removal proceedings, that detention "arises from" the Attorney General's decision to commence such proceedings. ECF No. 4 at 3–4.

The Supreme Court has interpreted the jurisdiction-stripping provision in Section 1252(g) narrowly, limiting it to "three discrete actions": the "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g)). The Supreme Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process." *Id.* In a later decision, the Court explained that it did not interpret Section 1252(g) "to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, [the Court] read the language to refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

Here, Petitioner is seeking to review the legality of his detention, rather than challenging the decision to commence proceedings, the adjudication of his removal case, or an action to execute his removal order. He does not seek to litigate in this Court questions of whether he is removable or whether he is entitled to relief from removal. The relief he seeks here is release from custody that he contends in unlawful. The Court concludes that Petitioner's claim is not barred by Section 1252(g).

**B. Petitioner's Due Process Claim**

Respondents next contend that Petitioner's claims fail because he is subject to mandatory detention under 8 U.S.C. § 1225 and that the absence of written notice of his parole's expiration does not warrant immediate release. ECF No. 4 at 4–5. In support Respondents cite *Omer G. G. v. Kaiser*, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025). *Id.* at 4.

*Omer*, similar to this one, involved a noncitizen's habeas challenge to his re-detention following the expiration of his parole. The district court determined, first, that the fact that the petitioner was subject to mandatory detention pursuant to 8 U.S.C. §

1225(b)(2)(A) did not prevent the court from hearing the petitioner's constitutional challenge to his detention. *Omer G.G.,* 2025 WL 3254999, at *3. The court determined, next, that even though the petitioner's parole had expired, "petitioner's liberty interest did not expire along with his parole," and the petitioner had a protected liberty interest in his continued release. *Id*. at *5–6. The court concluded that in the circumstances of that case, the petitioner was entitled by due process to a hearing as a condition of being re-detained. *Id*. at *8. Although the *Omer G.G*. decision is not binding precedent, and may have some factual distinctions, it suggests that Petitioner is entitled to a hearing or at least *some* process before being re-detained pending his removal proceedings.

Here, Petitioner alleges that Respondents re-detained him without an individualized custody determination or an explanation of changed circumstances justifying his return to custody. ECF No. 1 at ¶¶ 22, 86, 98. Respondents do not separately address whether Petitioner's prior release gave rise to a protected liberty interest or what procedures were required before that interest could be deprived. Instead, they rely solely on the expiration of his parole and the asserted statutory mandate to detain him. ECF No. 4 at 4–5. On the present briefing, Respondents have not meaningfully addressed Petitioner's due process claim. In the context of the briefing here, the Court therefore treats Petitioner's due process argument as unopposed. *See Kuvaev v. LaRose et al*, Case No. 3:26-cv-00810-RSH-DEB, ECF No. 5 (March 2, 2026) (granting petition under similar circumstances where respondents failed to address petitioner's due process argument).

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Within ***three (3) days*** of the date of this order, Respondents shall release petitioner Ermi Perez-Chininin subject to the terms of his previous grant of parole, or any other conditions that may be appropriate for release on recognizance.

///

///

///

To the extent Petitioner seeks to recover attorneys' fees, he must do so by way of a noticed motion confirming to the Civil Local Rules of this District as well as the undersigned's Pretrial Civil Procedures.

**IT IS SO ORDERED.**

Dated: September 16, 2026

Hon. Robert S. Huie
United States District Judge